1

2

3

4

5

6

7

"O"

FILED
CLERK, U.S. DISTRICT COURT

JUL 2 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY

8

9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MELLAH PACE and CURTIS DAVIS, <br><br> Petitioners, <br><br> v. <br><br> CHINO INSTITUTION FOR MEN, BOARD OF PRISON TERMS, CHIEF MEDICAL DIRECTOR, et al., <br><br> Respondents. | Case No. EDCV 09-00841 CBM (AN) <br><br> MEMORANDUM AND ORDER |

## I. BACKGROUND

On May 1, 2009, Thomas Mellah Pace and Curtis Davis (collectively referred to as "Petitioners") filed their pending "Writ of Habeas Corpus" ("Petition"). Both Petitioners are proceeding in *pro se* and allege they are state parole violators who are currently imprisoned at the Chino Institution for Men ("C.I.M."). (Pet. 1.) The Petition is not prepared on the Court's approved habeas petition form, is handwritten and virtually unintelligible. The cover page of the Petition reflects that it purports to be brought as a "class action" and is directed to both this Court and the "9th Cir. Court of Appeals." (*Id.*) The Petition fails to identify the federal habeas statute Petitioners are proceeding under. Regardless, because both Petitioners are in state custody and have identified their filing as a "Writ of Habeas Corpus," the Clerk's Office construed and filed it as a habeas petition

Page 1

1  brought pursuant to 28 U.S.C. § 2254.  However, from what can be gleaned from those

2  allegations that can be deciphered, Petitioners are principally complaining about various

3  conditions of their confinement (e.g., limitations on their recreational and social activities)

4  and each of them are requesting relief in the form of six million dollars in damages and

5  release from custody.  (Pet. at 3.)   For the reasons discussed below, the Court finds the

6  Petition must be dismissed because, to the extent it is brought as a § 2254 petition and

7  Petitioners are seeking their release from state custody, the Petition is clearly unexhausted.

8  Alternatively, to the extent the allegations of the Petition also establish the Petitioners are

9  seeking monetary damages for conditions of their confinement, the Court declines to

10  construe the Petition as a civil rights complaint for the reasons more fully discussed below.

## II. DISCUSSION

### A.    Standard of Review

#### 1.    Duty to Screen.

14        This Court has a duty to promptly screen applications for habeas corpus relief.  Rule

15  4 of the Rules Governing §2254 Cases in the United States District Courts ("Habeas

16  Rules").  If it plainly appears from the face of the petition and any annexed exhibits that the

17  petitioner is not then entitled to relief in the district court, the judge must make an order for

18  summary dismissal of the petition and cause the petitioner to be notified.  Rule 4 of Habeas

19  Rules; *see also* Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed order

20  for summary dismissal and proposed judgment for district judge if it plainly appears from

21  the face of petition that petitioner is not entitled to relief).

22        Rule 2(c) of the Habeas Rules also require a federal habeas petition to provide "a

23  more detailed statement" that must "specify all the grounds for relief available to the

24  petitioner [and] state the facts supporting each ground[;]" typical notice pleading under

25  Fed.R.Civ.P. 8(c) is insufficient. *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2566 (2005);

26  *see also* Rule 4 of Habeas Rules, Advisory Committee Notes (1976 Adoption) ("[I]t is the

27  duty of the court to screen out frivolous applications and eliminate the burden that would

28  be placed on the respondent by ordering an unnecessary answer....In addition, 'notice'

1  pleading is not sufficient, for the petition is expected to state facts that point to a 'real

2  possibility of constitutional error.'").

3  **2.    §2254**

4  Further, federal habeas relief "shall not be granted with respect to any claim that was

5  adjudicated on the merits in State court proceedings unless the adjudication of the claim --

6  (1) resulted in a decision that was contrary to[1/], or involved an unreasonable application

7  of[2/], clearly established Federal law, as determined by the Supreme Court of the United

8  States; or (2) resulted in a decision that was based on an unreasonable determination of the

9  facts in light of the evidence presented in the State court proceeding." §2254(d)(1)-(2).

10  **3.    Exhaustion Doctrine**

11  As discussed above, the allegations in the Petition establish both Petitioners are

12  prisoners because the parole board revoked their parole. A state prisoner must exhaust state

13  court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C.

14  §2254(b); *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887 (1995). "Because California

15  does not provide for direct appellate review of parole board decisions, state habeas review

16  is the first and only opportunity the California state courts have to hear a prisoner's

17

18  _____

[1/]    A state court decision is "contrary to" clearly established federal law where the
19  state court applies a rule that contradicts the governing law set forth by the Supreme Court
or confronts a set of facts that is materially indistinguishable from those in a decision of the
20  Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S.
362, 405-06, 120 S.Ct. 1495 (2000). The Supreme Court has emphasized that citation of its
21  cases is not required so long as "neither the reasoning nor the result of the state-court
decision contradicts [its governing decisions]." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct.
22  362 (2002). Further, what matters is whether the last reasoned *decision* reached by the state
court was contrary to controlling federal law, not the intricacies of the analysis. *Hernandez*
23  *v. Small*, 282 F.3d 1132, 1140 (9th Cir.), *cert. denied*, 537 U.S. 851, 123 S.Ct. 205 (2002).

24      [2/] A state court decision involves an "unreasonable application of" clearly established
federal law where the state court identifies the correct governing legal principle from
25  decisions of the Supreme Court, but unreasonably applies that principle to the facts of the
case. *Williams*, 529 U.S. at 407-08. To find that a state court has unreasonably applied
26  Supreme Court precedent, a federal habeas court may not merely conclude that, in its
independent judgment, the relevant state court decision was incorrect or erroneous. *Lockyer*
27  *v. Andrade*, 538 U.S. 63, 75-76, 123 S.Ct. 1166 (2003). Rather, the state court's application
of clearly established federal law must be *objectively unreasonable* in view of the operative
28  jurisprudence arising from the Supreme Court's holdings, not *dicta*, at the time the state
court rendered its decision. *Id.* at 71-75.

1  constitutional claims. State prisoners challenging parole board decisions must therefore

2  exhaust state habeas relief before they file a federal habeas petition." *Redd v. McGrath*, 343

3  F.3d 1077, 1082 (9th Cir. 2003). To satisfy the federal exhaustion requirement, the

4  petitioner must fairly present each federal claim to the state's highest court. *Id.* A claim has

5  been fairly presented to the state's highest court if the petitioner has described *both* the

6  operative facts and the legal theory on which the claim is based so the state's highest court

7  has a "'fair opportunity' to apply controlling legal principles to the facts bearing upon his

8  constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276 (1982).

9  **B.    Analysis of Petition**

10      **1.    § 2254 Relief**

11      To the extent the Petition can be construed as a § 2254 petition because the

12  Petitioners are seeking their release from state custody that stems from their status as parole

13  violators, the Petition must be dismissed because it plainly appears from the face of the

14  Petition and attached exhibits that both Petitioners have failed to exhaust their respective

15  claims by seeking habeas relief in the state courts prior to filing the Petition with this Court.

16  The official state records[3/] also confirm that neither of the Petitioners ever sought relief from

17  the state appellate courts prior to filing their pending Petition. The purported §2254 Petition

18  must also be dismissed because Petitioners have not expressly alleged or explained how

19  their respective parole revocations violated their rights under the Constitution or federal

20  laws. Further, by failing to give the state courts a fair opportunity to consider whether their

21  respective parole revocations violate their federal rights, Petitioners are unable to allege or

22  show that a state court adjudication of their claims on the merits is contrary to, or an

23  unreasonable application of, clearly established federal law, or was based upon an

24  unreasonable determination of the facts. Because the Court finds the Petition must be

25  dismissed for the foregoing reasons, the Court finds there is no need to consider whether a

26

27      [3/]   Federal courts may take judicial notice of relevant state court records in federal
habeas proceedings. *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002). State courts

28  records for this case are also available at www.appellatecase.courtinfo.ca.gov.

§ 2254 petition may be brought as a class action[4/] except to state that *pro se* litigants may not bring a class action or represent other parties. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

**2.      § 1983**

A civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S.Ct. 1827 (1973). Consequently, to the extent Petitioners seek monetary damages stemming from alleged constitutional violations of their conditions of confinement, Petitioners must do so by filing a prisoner civil rights complaint.

Although this Court has the discretion to convert the pending habeas petition to a prisoner civil rights case in appropriate circumstances, *see Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006), it chooses not to do so here for the following reasons.

Prisoner civil rights actions under § 1983 are subject to different requirements than federal habeas proceedings under § 2254. The filing fee for a prisoner civil rights complaint is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. § 1914(a). Where, as here, prisoners seeking to bring civil rights actions *in forma pauperis* ("IFP") must also qualify for IFP status and become financially responsible for paying the full $350.00 filing fee from their prison trust accounts. 28 U.S.C. §1915(b)(1).

Further, the Prison Litigation Reform Act has amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

---

[4/]      The Court notes the Ninth Circuit has found that there may be circumstances where it may be appropriate for a § 2254 habeas petition to be brought as a class action where the individual petitioners are represented by counsel. *See Mead v. Parker*, 464 F.2d 1108, 1112-13 (9th Cir. 1972) (holding a § 2254 petition may be an appropriate vehicle for a class action where the relief sought can be of immediate benefit to a large and amorphous group); *Cox v. McCarthy*, 829 F.2d 800, 804 (9th Cir. 1987)(stating that, although "[s]uch actions are ordinarily disfavored,""[t]his court has held that a class action may lie in habeas corpus," and citing *Mead*).

1  U.S.C. § 1997e(a). The exhaustion requirement imposed by § 1997e(a) applies to all claims

2  relating to prison life that do not implicate the duration of a prisoner's sentence, *Porter v.*

3  *Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002), and it is a mandatory prerequisite to

4  bringing a civil rights action that cannot be waived by a district court. *Ngo*, 548 U.S. at 85;

5  *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819 (2001). "If the district court concludes

6  that the prisoner has not exhausted nonjudicial remedies [in a § 1983 case], the proper

7  remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120

8  (9th Cir. 2002).  In order to make sure that a prisoner has complied with the foregoing

9  exhaustion requirements, this Court requires prisoners bringing § 1983 civil rights actions

10  to use the Court-approved civil rights complaint form, which contains instructions that are

11  tantamount to general orders of this Court and require the inmate to "attach copies of papers

12  related to the grievance procedure." Civil Rights Complaint Form CV-66, page 3; *see Brady*

13  *v. Attygala,* 196 F. Supp. 2d 1016, 1018 (C.D. Cal. 2002).

14         Neither of the Petitioners have  paid the required $350.00 filing fee to file a prisoner

15  civil rights complaint or shown that they are entitled to proceed IFP, either jointly or singly,

16  by filing IFP declarations.  Neither of the Petitioners have authorized funds to be withdrawn

17  from their respective inmate trust account to pay for all or any part of the $350.00 filing fee.

18  Further, the Petition does not allege or show that either of the Petitioners have exhausted

19  their administrative remedies in accordance with the prison's grievance procedures with

20  respect to the claims.

21         Based upon the foregoing, the Court finds it is inappropriate to construe the petition

22  as a civil rights complaint and declines to do so.

23  ///

24  ///

25  ///

26

27

28

## III. CONCLUSION

For the reasons discussed above, it is ordered that the Petition is summarily dismissed without prejudice. The Clerk is directed to enter a judgment dismissing the Petition without prejudice. All other motions are terminated.

DATED: ~~June~~ July 17, 2009

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge